1  MANATT, PHELPS & PHILLIPS, LLP
   ROBERT R. BEGLAND, JR. (Bar No. CA 210930)
2  VIRAL MEHTA (Bar No. CA 261852)
   11355 West Olympic Boulevard
3  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
4  Facsimile: (310) 312-4224

5  *Attorneys for Plaintiff*
   PETRO-DIAMOND INCORPORATED

6

7

8                    **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

10

11  PETRO-DIAMOND                    Case No. **SACV12 - 01893 CJC (ANx)**
    INCORPORATED, a Delaware
12  corporation,                     **COMPLAINT FOR:**

13            Plaintiff,
                                     **(1) BREACH OF FIDUCIARY**
14      vs.                          **DUTY;**
                                     **(2) PROFESSIONAL NEGLIGENCE;**
15  SCB & ASSOCIATES, LLC, a         **(3) FRAUDULENT**
    Delaware limited liability company,   **CONCEALMENT;**
16  ABSOLUTE FUELS, LLC, a Texas     **(4) CONSTRUCTIVE FRAUD;**
    limited liability company, and DOES   **(5) BREACH OF CONTRACT; AND**
17  1 through 5,                     **(6) CIVIL CONSPIRACY**

18            Defendants.
                                     **[DEMAND FOR JURY TRIAL]**
19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

COPY

For its Complaint ("**Complaint**"), Plaintiff Petro-Diamond Incorporated ("**PDI**") alleges as follows:

## THE PARTIES

1.      Plaintiff Petro-Diamond Incorporated is a corporation organized under the laws of Delaware, with a principal place of business at 1100 Main Street, Irvine, California 92614.  PDI is engaged in trading and marketing petroleum products in Southern California and other areas in the west coast of the United States.

2.      On information and belief, Defendant SCB & Associates, LLC ("**SCB**") is a limited liability company organized under the laws of Delaware, with offices, among other places, in New York, New York and Chicago, Illinois, and with its registered agent located in Wilmington, Delaware.  On information and belief, SCB's members are located in and citizens of Chicago, Illinois and Geneva, Switzerland.

3.      On information and belief, SCB is a commodity brokerage firm that provides brokerage services across the world, including California, in biofuels, energy, and agricultural markets, operating from the commodity capitals of the world and offering commercial and financial customers brokerage services in physical, listed, and over-the-counter commodity derivatives.

4.      On information and belief, Absolute Fuels, LLC ("**Absolute Fuels**") is a limited liability company organized under the laws of Texas, with principal places of business at 5817 73rd Street, Lubbock, Texas and 2517 74th Street, Lubbock, Texas.  On information and belief, Absolute Fuels' members are located in and citizens of Texas. Absolute Fuels held itself out as a producer of biofuels.

5.      Defendants DOES 1 through 5, inclusive, are other persons and entities who are responsible in some measure for the actions complained of herein. Their true names and capacities are unknown at this time and they are therefore being sued under their fictitious names.  At such time as their true names are ascertained, this complaint will be amended to so reflect.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over the claims in this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of the parties and the amount in dispute exceeds $75,000.

7.     Venue is proper in this district under 28 U.S.C. § 1391 in that, *inter alia*, PDI maintains its principal place of business in this district and a substantial portion of the events described in this complaint occurred in this district, including that the subject agreements brokered by SCB called for goods to be delivered within the jurisdiction of this Court and the agreements were negotiated from this district.

## BACKGROUND FACTS

8.     Under the U.S. Energy Policy Act of 2005, the Environmental Protection Agency ("**EPA**") is authorized to set annual quotas dictating what percentage of the motor fuels produced in the United States include biofuel.

9.     Under the Renewable Fuels Standard ("**RFS**"), the EPA obligates companies that refine or import fossil fuels to meet certain individual biofuel quotas, based on the volume of fuel they introduce into the market.  For the purpose of tracking compliance with these quotas, a Renewable Identification Number (or "**RIN**") is a unique serial number assigned to a batch of biofuel.  A RIN is generated by the producer or importer of renewable fuel based on each gallon of renewable fuel produced or imported in the United States.

10.     The Environmental Protection Agency permits RINs to be sold and for those sales to be brokered by third parties.  SCB was broker of RINs transactions.

11.     Among other RINs producers, SCB helped arrange the purchase of a substantial number of RINs from a Texas-based biodiesel producer named Absolute Fuels, LLC ("**Absolute Fuels**").  As set forth more fully below, SCB brokered deals between Absolute Fuels and PDI.

12.    On information and belief, SCB arranged the purchase of the overwhelming majority of Absolute Fuels' RINs. Because of that, SCB had special knowledge about Absolute Fuels' sales, biofuel production, and RIN generation. For example, SCB would be in a position to estimate whether Absolute Fuels was selling more RINs than its production capacity allowed because it would be aware of all (or virtually all) sales made by Absolute Fuels. Among other things, SCB claims that it visits producers such as Absolute Fuels, which would have allowed SCB to inspect Absolute Fuels' facilities.

13.    On information and belief, Absolute Fuels encountered many problems associated with the production of biodiesel:

a.    Initially, Absolute Fuels produced biodiesel at the Double Diamond Biofuels plant. But those operations occurred at a financial loss and were discontinued in January 2010.

b.    Absolute Fuels did not acquire a new source of biodiesel production until August 2010, with its acquisition of Greenlight Bio-Diesel, a plant near Anton, Texas. But that plant never actually produced biodiesel.

c.    When Absolute Fuels attempted to register the Greenlight Bio-Diesel plant as a RINs producer on the EPA Moderated Transaction System (EMTS) it did not possess the requisite skills to do so. The EMTS system allows parties to verify a producer's status and accomplish transactions.

d.    In January 2011, Absolute Fuels' trading privileges had been suspended on EMTS because of, among other things, EPA concerns that Absolute Fuels was not producing valid RINs.

e.    In January 2011, Absolute Fuels received notice that it would be the subject of an EPA records audit and inspection.

f.    In February 2011, the EPA conducted the records audit and

1    inspection, but they went very poorly (i.e., Absolute Fuels was

2    not able to supply fuel samples, was not able to produce books

3    and records, and did not permit inspection of its entire facility).

4    14.    On information and belief, SCB became aware of each of the problems

5    mentioned in the preceding paragraph at around the time they occurred.

6    ## PDI'S PURCHASES THROUGH SCB

7    15.    On information and belief, in and around November 2010, SCB

8    approached PDI and informed PDI that (1) it had a seller of RINs in search of a

9    buyer and (2) if PDI purchased RINs from SCB's seller, then SCB had already

10    obtained subsequent buyers to whom PDI could sell the very same RINs at a profit.

11    16.    On information and belief, PDI and SCB formed a joint

12    venture/partnership, whereby SCB would identify opportunities to purchase and sell

13    RINs for a profit, and PDI would serve as the source of cash.  Payments to SCB

14    were made in the form of "commissions," which constituted splitting the joint

15    venture/partnership's profits.  The purpose of the joint venture/partnership was to

16    carry on a business to maximize profits on RIN sales.  As a result, the

17    "commissions" paid to SCB were substantially higher than commissions paid to a

18    typical broker not involved in a joint venture/partnership, such as that of PDI and

19    SCB.

20    17.    Around November and December 2010, SCB brokered five

21    agreements by and between Absolute Fuels, as seller, and PDI, as buyer:

22    a.    On or about November 8, 2010, PDI agreed to buy from

23    Absolute Fuels 878,500 2011 biodiesel RINs at a price of $0.68

24    per RIN for a total of $597,380.  A true and correct copy of the

25    November 8, 2010 Broker Confirmation Note is attached hereto

26    as **Exhibit A**.

27    b.    On or about November 19, 2010, PDI agreed to buy from

28    Absolute Fuels 500,000 2010 biodiesel RINs at a price of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

$0.6250 per RIN for a total of $312,500.  A true and correct copy of the November 19, 2010 Broker Confirmation Note is attached hereto as **Exhibit B**.

c.  On or about November 19, 2010, PDI agreed to buy from Absolute Fuels 1,000,000 2011 biodiesel RINs at a price of $0.72 per RIN for a total of $720,000.  A true and correct copy of the November 19, 2010 Broker Confirmation Note is attached hereto as **Exhibit C**.

d.  On or about December 17, 2010, PDI agreed to buy from Absolute Fuels 3,000,000 2011 biodiesel RINs at a price of $0.465 per RIN for a total of $1,395,000.  A true and correct copy of the December 17, 2010 Broker Confirmation Note is attached hereto as **Exhibit D**.

e.  On or about December 20, 2010, PDI agreed to buy from Absolute Fuels 2,000,000 2011 biodiesel RINs at a price of $0.50 per RIN for a total of $1,000,000.  A true and correct copy of the December 20, 2010 Broker Confirmation Note is attached hereto as **Exhibit E**.

f.  On or about December 29, 2010, PDI agreed to buy from Absolute Fuels 2,000,000 2011 biodiesel RINs at a price of $0.70 per RIN for a total of $1,400,000.  A true and correct copy of the December 29, 2010 Broker Confirmation Note is attached hereto as **Exhibit F**.

18.  Thus, in total, PDI agreed to purchase from Absolute Fuels 9,378,500 biodiesel RINs.  In each instance, the broker confirmation stated that SCB was acting as "brokers."  And in each instance, SCB handled all of the negotiations related to the purchase of RINs.  At no time did PDI specify whom it would buy from (i.e., it did not tell SCB to approach Absolute Fuels), and nor did PDI at any

1    time negotiate with the seller, Absolute Fuels.  And at no time did PDI supply any

2    written agreements covering the transaction.  Instead, SCB's "broker confirmation"

3    served as the written memorialization of the agreement.

4        19.    In each of the purchase instances described above, SCB proposed an

5    onward sale of the RINs at the same time that it proposed an initial purchase.  So

6    for example, when SCB came to PDI on or about November 8, 2011 with a

7    proposal to purchase 878,000 biodiesel RINs at a price of $0.68 per RIN, SCB also

8    suggested at the time that it be allowed to broker the onward sale of those same

9    RINs to another party at $0.70 per RIN.  A summary of those onward sales—

10   brokered at the same time as the initial sales, is as follows:

11        a.    On or about November 8, 2010, PDI agreed to sell 878,500

12              biodiesel RINs at a price of $0.70 per RIN to ED&F Man

13              Biofuels, Inc.  SCB requested that it be allowed a "commission"

14              of $0.01/RIN, which actually amounted to splitting the profit on

15              the trade (PDI had purchased from Absolute Fuels for

16              $0.68/RIN).  A true and correct copy of the November 8, 2010

17              Broker Confirmation Note is attached hereto as **Exhibit G**.

18        b.    On or about November 19, 2010, PDI agreed to sell 500,000

19              2010 biodiesel RINs at a price of $0.63 per RIN to Morgan

20              Stanley Capital Group, Inc.  SCB requested that it be allowed a

21              "commission" of $0.001/RIN, which actually amounted to

22              splitting the profit on the trade (PDI had purchased from

23              Absolute Fuels for $0.625/RIN).  A true and correct copy of the

24              November 19, 2010 Broker Confirmation Note is attached

25              hereto as **Exhibit H**.

26        c.    On or about November 19, 2010, PDI agreed to sell 1,000,000

27              biodiesel RINs at a price of $0.76 per RIN to Lansing Trade

28              Group, LLC.  SCB requested that it be allowed a "commission"

of $0.02/RIN, which actually amounted to splitting the profit on the trade (PDI had purchased from Absolute Fuels for $0.72/RIN). A true and correct copy of the November 19, 2010 Broker Confirmation Note is attached hereto as **Exhibit I.**

    d.    On or about December 17, 2010, PDI agreed to sell 1,000,000 biodiesel RINs to GP&W, Inc. dba Center Oil Company and 2,000,000 biodiesel RINs to Northville Product Services at a price of $0.48 per RIN. SCB requested that it be allowed a "commission" of $0.0075/RIN, which actually amounted to splitting the profit on the trade (PDI had purchased from Absolute Fuels for $0.465/RIN). True and correct copies of the December 17, 2010 Broker Confirmation Notes are attached hereto as **Exhibit J.**

    e.    On or about December 20, 2010, PDI agreed to sell 750,000 biodiesel RINs to Glencore Ltd. at a price of $0.54 per RIN; 500,000 biodiesel RINs to Marathon Petroleum Company, LLC at a price of $0.53 per RIN, and 750,000 biodiesel RINs to Vinmar Overseas, Ltd. at a price of $0.545 per RIN. In each case, SCB requested that it be allowed a "commission" based on it having split the profits associated with the trade. True and correct copies of the December 20, 2010 Broker Confirmations Notes are attached hereto as **Exhibit K.**

    f.    On or about December 29, 2010, PDI agreed to sell 2,000,000 biodiesel RINs to Chevron Products Company at a price of $0.73 per RIN for a total of $1,400,000. SCB requested that it be allowed a "commission" of $0.015/RIN, which actually amounted to splitting the profit on the trade (PDI had purchased from Absolute Fuels for $0.70/RIN). A true and correct copy of

MANATT, PHELPS & PHILLIPS, LLP ATTORNEYS AT LAW LOS ANGELES

7

1    the December 29, 2010 Broker Confirmation Note is attached

2    hereto as **Exhibit L.**

3        20.    In each instance, the broker confirmation stated that SCB was acting as

4    "brokers." And in each instance, SCB handled all of the negotiations related to the

5    sale of RINs. At no time did PDI specify whom it would sell to (i.e., it did not tell

6    SCB to identify particular purchasers), and nor did PDI at any time negotiate with

7    the purchasers. And at no time did PDI supply any written agreements covering the

8    transaction. Instead, SCB's "broker confirmation" served as the written

9    memorialization of the agreement.

10        21.    On information and belief, the custom in the RIN brokerage industry is

11    for brokers to be paid a commission of approximately $0.0005-0.001/RIN.

12    **EPA DECLARES RINS BROKERED BY SCB INVALID**

13        22.    On or about February 2, 2012, the EPA issued a Notice of Violation

14    invalidating all RINs produced by Absolute Fuels since August 31, 2010. As a

15    result, all of the RINs purchased by PDI from Absolute Fuels and brokered by SCB

16    were rendered invalid.

17        23.    As a result of the invalidation and PDI's subsequent sales of the RINs

18    to third-parties, PDI was forced to cover in the open market to obtain replacement

19    RINs to provide to the third-parties it sold Absolute Fuels' RINs to. PDI suffered

20    millions of dollars in damages as a result thereof.

21    **FIRST CAUSE OF ACTION**

22    **Breach of Fiduciary Duty**

23    (Against SCB and Does 1-5)

24        24.    PDI realleges and incorporates by reference paragraphs 1 through 23

25    of this Complaint as if fully set forth herein.

26        25.    As set forth above, PDI and SCB entered into a joint

27    venture/partnership, whereby SCB would identify opportunities to purchase and sell

28    RINs for a profit, and PDI would serve as the source of financing. Payments to

1    SCB were made in the form of "commissions," which constituted splitting the joint

2    venture/partnership's profits. As a result of the joint venture/partnership, SCB

3    owed PDI a fiduciary duty to act with the utmost good faith.

4    26.    In addition, as the broker for PDI and Absolute Fuels in connection

5    with the transactions described herein between the two, SCB owed PDI a fiduciary

6    duty to, among other things, disclose to PDI all material information regarding the

7    contracts and underlying sales, because PDI was relying upon SCB to identify

8    suitable producers from whom to purchase biofuels/RINs, and suitable purchases

9    onto whom to sell the products. Additionally, PDI did not expect to be involved in

10    the negotiation of terms related to the transaction. Instead, it would rely entirely on

11    SCB.

12    27.    On information and belief, SCB breached its fiduciary duty by, among

13    other things, failing to disclose to PDI material information regarding the

14    irregularities in Absolute Fuels' RINs sales, and the fact that the RINs sold by

15    Absolute Fuels to PDI were potentially fraudulent.

16    28.    PDI had reason to believe that it could rely, and in fact, did rely, to its

17    detriment, on SCB to disclose to it all facts within SCB's knowledge that were

18    material to the matter.

19    29.    As a direct result of the wrongful conduct by SCB, PDI has been

20    damaged in an amount to be proven at trial but in any event, in an amount in excess

21    of the jurisdictional minimum of the Court.

22                          **SECOND CAUSE OF ACTION**

23                             **Professional Negligence**

24                            (Against SCB and Does 1-5)

25    30.    PDI realleges and incorporates by reference paragraphs 1 through 29

26    of this Complaint as if fully set forth herein.

27    31.    As PDI's broker, SCB held itself out as an expert in the field of over-

28    the-counter commodity derivatives on whose advice and direction PDI should rely.

Based on SCB's purported expertise, PDI relied on SCB's professional services, including the purchase and sale of biodiesel RINs. Indeed, SCB had a duty, in its capacity as PDI's broker, to exercise reasonable skill, care, diligence, and good faith to disclose to PDI material information regarding the contracts and underling sales, and the material information regarding the irregularities in Absolute Fuels' RINs sales, and the fact that the RINs sold by Absolute Fuels to PDI were potentially fraudulent.

32.    SCB knew, or reasonably should have known, that there were irregularities in Absolute Fuels' RINs sales, and that the RINs sold by Absolute Fuels to PDI were potentially fraudulent.

33.    SCB breached its duties to PDI by failing to disclose to PDI that there were irregularities in Absolute Fuels' RINs sales, and that the RINs sold by Absolute Fuels to PDI were potentially fraudulent, leaving PDI forced to cover in the open market to obtain replacement RINs to provide to the third-parties for which it sold Absolute Fuels' RINs.

34.    The actions and omissions of SCB constitute a breach of the standard of care and of the professional duties and obligations SCB owed to PDI as its broker.

35.    As a proximate result of SCB's negligence, PDI seeks damages, including, but not limited to, the millions of dollars of damages suffered due to the fact that the market price of RINs had significantly increased when PDI was forced to cover in the open market to obtain replacement RINs to provide to the third-parties to which it sold Absolute Fuels' RINs.

## THIRD CAUSE OF ACTION

### Fraudulent Concealment

(Against SCB and Does 1-5)

36.    PDI realleges and incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    As more fully set forth in Paragraphs 11-20, on information and belief, SCB concealed and/or suppressed material information regarding the irregularities of Absolute Fuels' RINs sales and their potentially fraudulent nature so SCB could benefit from its profit-splitting arrangement with PDI.

38.    As a joint venturer/partner and broker, SCB owed PDI a fiduciary duty to act with the utmost good faith.

39.    Instead, on information and belief, SCB provided PDI with information that was likely to mislead PDI in the absence of a full disclosure of the irregularities in Absolute Fuels' RINs sales described above.

40.    On information and belief, SCB intentionally and with fraudulent intent concealed and/or suppressed the fact that Absolute Fuels' RINs sales contained troubling irregularities and that the RINs being sold to PDI could be fraudulent and invalid.

41.    Moreover, on information and belief, SCB knew the effect that its concealment of material information would have on PDI.

42.    PDI was unaware of the irregularities in Absolute Fuels' RINs sales or the fact that the RINs they were purchasing from Absolute Fuels could be fraudulent and invalid.  Otherwise, had PDI been aware of this material information, PDI would not have purchased the RINs from Absolute Fuels in the first place, would not have continued to make payments for the RINs after learning of this material information, and would not have sold the RINs obtained from Absolute Fuels to third-party purchasers.  However, PDI justifiably relied on SCB's representations and relied on the fact that its broker would not fail to disclose such

material information.

43.     As a result of SCB's concealment and/or suppression of material information, PDI has been damaged in an amount to be proven at trial but in any event, in an amount in excess of the jurisdictional minimum of the Court. PDI is informed and believes, and thereon alleges, that the conduct of SCB alleged above was undertaken with the intent to injure PDI, or with a willful and conscious disregard of PDI's rights, and constitutes clear and convincing evidence of outrageous, oppressive, malicious, and fraudulent conduct that entitles PDI to an award of punitive damages against SCB in an amount sufficient to deter SCB from similar conduct in the future.

## FOURTH CAUSE OF ACTION

### Constructive Fraud

(Against SCB and Does 1-5)

44.     PDI realleges and incorporates by reference paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     As set forth more fully above, Absolute Fuels sold fraudulent and invalid RINs to PDI.

46.     As the broker for the five contracts between PDI and Absolute Fuels, as well as PDI's joint venturer/partner, SCB owed PDI a fiduciary duty to, among other things, disclose to PDI all material information regarding the contracts.

47.     On information and belief, SCB was aware of irregularities in Absolute Fuels' RINs sales and was aware that the RINs sold by Absolute Fuels to PDI were potentially fraudulent and invalid.

48.     On information and belief, SCB concealed and/or suppressed material information regarding Absolute Fuels' RINs sales and the potentially fraudulent nature of the RINs sold by Absolute Fuels to PDI.

49.     PDI justifiably relied on the fact that SCB was fulfilling its fiduciary duty to PDI and was not concealing material facts relating to the transactions SCB

brokered.  As a result, among other things, PDI continued to pay Absolute Fuels for RINs deliveries pursuant to its agreements through at least March 2011. On information and belief, SCB gained an advantage as a result of its breach of fiduciary duty in that SCB continued to reap the benefits of the profit-splitting arrangement it had with PDI, which was far more lucrative than a standard ordering broker commission.

50.    As a proximate result of the fraudulent conduct as alleged herein, PDI has been damaged in an amount to be proven at trial but in any event, in an amount in excess of the jurisdictional minimum of the Court.

51.    PDI is informed and believes, and thereon alleges, that the conduct of SCB alleged above was undertaken with the intent to injure PDI, or with a willful and conscious disregard of PDI's rights, and constitutes clear and convincing evidence of outrageous, oppressive, malicious, and fraudulent conduct that entitles PDI to an award of punitive damages against SCB in an amount sufficient to deter SCB from similar conduct in the future.

## FIFTH CAUSE OF ACTION

### Breach of Contract

#### (Against Absolute Fuels and Does 1-5)

52.    PDI realleges and incorporates by reference paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.    As set forth above, PDI entered into an agreement whereby PDI agreed to purchase, and Absolute Fuels agreed to sell, 9,378,500 valid biodiesel RINs.

54.    PDI has substantially performed its obligations under the contract, except to the extent it has been excused from doing so by Absolute Fuels' conduct.

55.    All of the conditions required by the contract for Absolute Fuels' performance have occurred.

56.    Absolute Fuels breached the contract by delivering 9,378,500 fraudulent and invalid RINs to PDI.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

13

57.    As a direct result of the breach by Absolute Fuels, PDI has been damaged in an amount according to proof, but not less than $10,000,000.

## SIXTH CAUSE OF ACTION

### Civil Conspiracy

(Against All Defendants and Does 1-5)

58.    PDI realleges and incorporates by reference paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59.    On information and belief, SCB knowingly and willfully agreed with Absolute Fuels to engage in a common scheme or plan whereby SCB and Absolute Fuels conspired to defraud PDI, by transferring invalid RINs.

60.    On information and belief, SCB and Absolute Fuels' scheme includes breach of fiduciary duty, fraudulent concealment, and constructive fraud, as alleged herein.

61.    On information and belief, SCB and Absolute Fuels did the acts and things alleged herein pursuant to, and in furtherance of, a conspiracy and agreement to defraud PDI (as well as other market participants), by transferring invalid RINs.

62.    On information and belief, SCB and Absolute Fuels intentionally concealed material facts from PDI so that Absolute Fuels could benefit through the sale of fraudulent and invalid RINs to PDI and SCB could benefit from the subsequent profit-splitting arrangement with PDI.

63.    As a direct and proximate result of SCB and Absolute Fuels' conspiracy, PDI has been damaged in an amount to be proven at trial but in any event, in an amount in excess of the jurisdictional minimum of the Court.

64.    PDI is informed and believes, and thereon alleges, that the conduct of SCB alleged above was undertaken with the intent to injure PDI, or with a willful and conscious disregard of PDI's rights, and constitutes clear and convincing evidence of outrageous, oppressive, malicious, and fraudulent conduct that entitles PDI to an award of punitive damages against SCB in an amount sufficient to deter

1    SCB from similar conduct in the future.

2         WHEREFORE, PDI requests that the Court:

3         1.    Award PDI compensatory damages;

4         2.    Award interest and prejudgment interest;

5         3.    Award punitive and exemplary damages;

6         4.    Award PDI the costs of suit; and

7         5.    Grant PDI any further relief that the court considers just and

8    proper.

9
10   Dated:  October 31, 2012         MANATT, PHELPS & PHILLIPS, LLP

11
12                         By:    _____
                                  Robert R. Begland, Jr.
13                                *Attorneys for Plaintiff*
                                  PETRO-DIAMOND INCORPORATED

14

15   303000870.7

16

17

18

19

20

21

22

23

24

25

26

27

28

15
COMPLAINT

# EXHIBIT A



# SCB & Associates LLC
# Broker Confirmation Note

To:    Absolute Fuels, LLC
To:    Petro-Diamond Incorporated

Our ref.:      10687
Contract date:   08 NOV 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Simon@starcb.com

Operations email:

operations@starcb.com

**Seller of RINs:**
-----------------------

Absolute Fuels, LLC
2517 74th Street
Lubbock, TX 79424

Trader: Jeff Gunselman
Email: jeff@absolutelubbock.com
EPA ID number: 3498

**Buyer of RINs:**
-----------------------

Petro-Diamond Incorporated

1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

**Terms/Conditions:**
----------------------------

**Type:** Renewable Identification Number (RIN) - Biodiesel RFS2 D4

**Year Generated:** 2011

**Quantity:** 878,500

**Unit Price:** $0.6800

**Total Price:** $597,380.00

**Payment Terms:** Payment shall be made within net five (5) business days after transfer and verification.

**Transfer of Credits:** to be executed during the period 01 JAN 2011 - 31 JAN 2011

We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD 0/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

EXHIBIT B



# SCB & Associates LLC
# Broker Confirmation Note

To:     Absolute Fuels, LLC
To:     Petro-Diamond Incorporated

Our ref.:      10772
Contract date:   19 NOV 2010

**SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.**

**We encourage Seller and Buyer to promptly exchange their own documentation.**

Broker email:

Simon@starcb.com

Operations email:

operations@starcb.com

**Seller of RINs:**
--------------------

Absolute Fuels, LLC
2517 74th Street
Lubbock, TX 79424

Trader: Jeff Gunselman
Email: jeff@absolutelubbock.com
EPA ID number: 3498

**Buyer of RINs:**
--------------------

Petro-Diamond Incorporated

1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

**Terms/Conditions:**
---------------------------

**Type:** Renewable Identification Number (RIN) -  **Biodiesel RFS2 D4**

**Year Generated:** 2010

**Quantity:** 500,000

**Unit Price:** $0.6250

**Total Price:** $312,500.00

**Payment Terms:** Payment shall be made within net five (5) business days after transfer and verification.

**Transfer of Credits:** to be executed by 30 NOV 2010

We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD 0/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

EXHIBIT C



# SCB & Associates LLC
# Broker Confirmation Note

To:     Absolute Fuels, LLC
To:     Petro-Diamond Incorporated

Our ref.:        10787
Contract date:   19 NOV 2010

**SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.**

**We encourage Seller and Buyer to promptly exchange their own documentation.**

Broker email:

Simon@starcb.com

Operations email:

operations@starcb.com

Seller of RINs:
--------------------

Absolute Fuels, LLC
2517 74th Street
Lubbock, TX 79424

Trader: Jeff Gunselman
Email: jeff@absolutelubbock.com
EPA ID number: 3498

Buyer of RINs:
--------------------

Petro-Diamond Incorporated

1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

**Terms/Conditions:**
------------------------------

**Type:** Renewable Identification Number (RIN) -  **Biodiesel RFS2 D4**

**Year Generated:** 2011

**Quantity:** 1,000,000

**Unit Price:** $0.7200

**Total Price:** $720,000.00

**Payment Terms:** Payment shall be made within net five (5) business days after transfer and verification.

**Transfer of Credits:** to be executed during the period 01 FEB 2011 - 28 FEB 2011

We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD 0/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

# EXHIBIT D



# SCB & Associates LLC
# Broker Confirmation Note

To:     Absolute Fuels, LLC
To:     Petro-Diamond Incorporated

Our ref.:     11019
Contract date:   17 DEC 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Simon@starcb.com

Operations email:

operations@starcb.com

Seller of RINs:
----------------

Absolute Fuels, LLC
2517 74th Street
Lubbock, TX 79424

Trader: Jeff Gunselman
Email: jeff@absolutelubbock.com
EPA ID number: 3498

Buyer of RINs:
----------------

Petro-Diamond Incorporated

1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088


Terms/Conditions:
--------------------------

Type: Renewable Identification Number (RIN) -  Biodiesel RFS2 D4

Year Generated: 2011

Quantity: 3,000,000

Unit Price: $0.4650

Total Price: $1,395,000.00

Payment Terms: Payment shall be made within net five (5) business days after transfer and verification.

Transfer of Credits: to be executed during the period 01 JAN 2011 - 15 MAR 2011

Other: Buyer will not accept RINs with EPA Customer ID 5915 until further notice (Note: this is the 6th - 9th digit within the RIN).


We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD 0/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

EXHIBIT E



# SCB & Associates LLC
# Broker Confirmation Note

To:    Absolute Fuels, LLC
To:    Petro-Diamond Incorporated

Our ref.:    11031
Contract date:    20 DEC 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Simon@starcb.com

Operations email:

operations@starcb.com

Seller of RINs:
------------------------

Absolute Fuels, LLC
2517 74th Street
Lubbock, TX 79424

Trader: Jeff Gunselman
Email: jeff@absolutelubbock.com
EPA ID number: 3498

Buyer of RINs:
------------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088


**Terms/Conditions:**

**Type:** Renewable Identification Number (RIN) - Biodiesel RFS2 D4

**Year Generated:** 2011

**Quantity:** 2,000,000

**Unit Price:** $0.5000

**Total Price:** $1,000,000.00

**Payment Terms:** Payment shall be made within net five (5) business days after transfer and verification.

**Transfer of Credits:** to be executed during the period 01 JAN 2011 - 15 MAR 2011

**Other:** Buyer will not accept RINs with EPA Customer ID 5915 until further notice (Note: this is the 6th - 9th digit within the RIN).


We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD 0/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

# EXHIBIT F



# SCB & Associates LLC
# Broker Confirmation Note

To:    Absolute Fuels, LLC
To:    Petro-Diamond Incorporated

Our ref.:       11075
Contract date:  29 DEC 2010

**SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.**

*We encourage Seller and Buyer to promptly exchange their own documentation.*

<u>Broker email:</u>

Simon@starcb.com

<u>Operations email:</u>

operations@starcb.com

**Seller of RINs:**
------------------

Absolute Fuels, LLC
2517 74th Street
Lubbock, TX 79424

Trader: Jeff Gunselman
Email: jeff@absolutelubbock.com
EPA ID number: 3498

**Buyer of RINs:**
------------------

Petro-Diamond Incorporated

1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088


Terms/Conditions:
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Type: Renewable Identification Number (RIN) - Biodiesel RFS2 D4

Year Generated: 2011

Quantity: 2,000,000

Unit Price: $0.7000

Total Price: $1,400,000.00

Payment Terms: Payment shall be made within net five (5) banking days after transfer and verification.

Transfer of Credits: to be executed during the period 01 JAN 2011 - 31 MAR 2011


We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD 0/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

# EXHIBIT G



# SCB & Associates LLC
# Broker Confirmation Note

To:     Petro-Diamond Incorporated
To:     ED&F Man Biofuels, Inc.

Our ref.:     10688
Contract date:   08 NOV 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

**We encourage Seller and Buyer to promptly exchange their own documentation.**

Broker email:

Brandon@starcb.com
Simon@starcb.com

Operations email:

operations@starcb.com

**Seller of RINs:**
-----------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

**Buyer of RINs:**
-----------------------

ED&F Man Biofuels, Inc.
365 Canal Street, Suite 2900
New Orleans, Louisiana 70130

Trader: Clay Bryant
Email: clayb@us.edfman.com

Terms/Conditions:
---------------------------

Type: Renewable Identification Number (RIN) -  Biodiesel RFS2 D4

Year Generated: 2011

Quantity: 878,500

Unit Price: $0.7000

Total Price: $614,950.00

Payment Terms: Payment shall be made within net five (5) business days after transfer and
verification.

Transfer of Credits: to be executed during the period 01 JAN 2011 - 31 JAN 2011

Other: Subject to buyer extending existing credit limits to seller.


We thank you very much for this contract and remain at your disposal for further services and
new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .01/rin will be paid by Petro-Diamond Incorporated to SCB & Associates
LLC prompt upon receipt of invoice due for work now completed.

EXHIBIT H



# SCB & Associates LLC
# Broker Confirmation Note

To:    Petro-Diamond Incorporated
To:    Morgan Stanley Capital Group Inc.

Our ref.:      10771
Contract date:  19 NOV 2010

**SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.**

**We encourage Seller and Buyer to promptly exchange their own documentation.**

<u>Broker email:</u>

Mike@starcb.com
Simon@starcb.com

<u>Operations email:</u>

operations@starcb.com

**Seller of RINs:**
---------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

**Buyer of RINs:**
---------------------

Morgan Stanley Capital Group Inc.
2000 Westchester Ave. - 1st Floor
Purchase, NY 10577
United States of America

Trader: John Cusick
Email: John.Cusick@morganstanley.com
CC: msnyconfirms.msnyconfirms@morganstanley.com; ny-contract-management@morganstanley.com
EPA ID number: 4086

**Terms/Conditions:**
----------------------------

**Type:** Renewable Identification Number (RIN) - **Biodiesel RFS2 D4**

**Year Generated:** 2010

**Quantity:** 500,000

**Unit Price:** $0.6300

**Total Price:** $315,000.00

**Payment Terms:** Payment shall be made within net five (5) business days after transfer and verification.

**Transfer of Credits:** to be executed by 30 NOV 2010

We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .001/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

EXHIBIT I



# SCB & Associates LLC
# Broker Confirmation Note

To:      Petro-Diamond Incorporated
To:      Lansing Trade Group, LLC

Our ref.:      10786
Contract date:   19 NOV 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Mike@starcb.com
Simon@starcb.com


Operations email:

operations@starcb.com


Seller of RINs:
---------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088


Buyer of RINs:
---------------------

Lansing Trade Group, LLC
10975 Benson Drive, Suite 400
Overland Park KS, 66210
United States of America

Trader: Doug Downing
Email: ddowning@lansingtradegroup.com
CC: lansingbiodieselops@lansingtradegroup.com

**Terms/Conditions:**
-----------------------------

**Type:** Renewable Identification Number (RIN) - Biodiesel RFS2 D4

**Year Generated:** 2011

**Quantity:** 1,000,000

**Unit Price:** $0.7600

**Total Price:** $760,000.00

**Payment Terms:** Payment shall be made within net five (5) business days after transfer and verification.

**Transfer of Credits:** to be executed during the period 01 FEB 2011 - 28 FEB 2011

We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .02/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

# EXHIBIT J



# SCB & Associates LLC
# Broker Confirmation Note

To:     Petro-Diamond Incorporated
To:     G. P. & W. Inc DBA Center Oil Company

Our ref.:        11020
Contract date:   17 DEC 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Simon@starcb.com

Operations email:

operations@starcb.com

Seller of RINs:
-------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

Buyer of RINs:
-------------------

G. P. & W. Inc DBA Center Oil Company
600 Mason Ridge Center Drive, 2nd floor
St. Louis, MO 63141

Trader: Timothy Puschaver
Email: tpuschaver@centeroil.com
EPA number: 3054

**Terms/Conditions:**

Type: Renewable Identification Number (RIN) - Biodiesel RFS2 D4

Year Generated: 2011

Quantity: 1,000,000

Unit Price: $0.4800

Total Price: $480,000.00

Payment Terms: Payment shall be made within net five (5) business days after transfer and
verification.

Transfer of Credits: to be executed during the period 01 JAN 2011 - 31 MAR 2011

We thank you very much for this contract and remain at your disposal for further services and
new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .0075/rin will be paid by Petro-Diamond Incorporated to SCB & Associates
LLC prompt upon receipt of invoice due for work now completed.



# SCB & Associates LLC
# Broker Confirmation Note

To:    Petro-Diamond Incorporated
To:    Northville Product Services C/O NIC Holdings Corp

Our ref.:    11017
Contract date:    17 DEC 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Brandon@starcb.com
Simon@starcb.com

Operations email:

operations@starcb.com

**Seller of RINs:**
------------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

**Buyer of RINs:**
------------------------

Northville Product Services C/O NIC Holdings Corp
25 Melville Park Road
Melville, NY 11747
United States of America

Trader: Mike Reed
Email: miker@northville.com
CC: janei@northville.com; zacp@northv.com


Terms/Conditions:
-------------------------

Type: Renewable Identification Number (RIN) -  Biodiesel RFS2 D4

Year Generated: 2011

Quantity: 2,000,000

Unit Price: $0.4800

Total Price: $960,000.00

Payment Terms: Payment shall be made within net five (5) banking days after transfer and
verification.

Transfer of Credits: to be executed during the period 01 JAN 2011 - 31 MAR 2011



We thank you very much for this contract and remain at your disposal for further services and
new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .0075/rin will be paid by Petro-Diamond Incorporated to SCB & Associates
LLC prompt upon receipt of invoice due for work now completed.

# EXHIBIT K



# SCB & Associates LLC
# Broker Confirmation Note

To:    Petro-Diamond Incorporated
To:    Glencore Ltd.

Our ref.:    11030
Contract date:  20 DEC 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Simon@starcb.com

Operations email:

operations@starcb.com

Seller of RINs:
-------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

Buyer of RINs:
-------------------

Glencore Ltd.
1111 Bagby St # 2060
Houston, TX 77002-2558

Trader: Braden Hopkins
Email: braden.hopkins@glencore-us.com
CC: rins@glencore-us.com
EPA number: 5867


**Terms/Conditions:**
------------------------------

**Type:** Renewable Identification Number (RIN) -  **Biodiesel RFS2 D4**

**Year Generated:** 2011

**Quantity:** 750,000

**Unit Price:** $0.5400

**Total Price:** $405,000.00

**Payment Terms:** Payment shall be made within net Five (5) business days after transfer and verification.

**Transfer of Credits:** to be executed during the period 01 JAN 2011 - 31 MAR 2011


We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .020/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.



# SCB & Associates LLC
# Broker Confirmation Note

To:    Petro-Diamond Incorporated
To:    Marathon Petroleum Company, LLC

Our ref.:        11027
Contract date:   20 DEC 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Simon@starcb.com

Operations email:

operations@starcb.com

Seller of RINs:
----------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

Buyer of RINs:
----------------------

Marathon Petroleum Company, LLC
539 South Main Street
Findlay, OH 45840-3295

Trader: Michael Perrone
Email: mdperrone@marathonoil.com
EPA ID number: 4268

Terms/Conditions:
----------------------------

Type: Renewable Identification Number (RIN) - Biodiesel RFS2 D4

Year Generated: 2011

Quantity: 500,000

Unit Price: $0.5300

Total Price: $265,000.00

Payment Terms: Payment shall be made within net five (5) business days after transfer and
verification.

Transfer of Credits: to be executed during the period 01 JAN 2011 - 31 MAR 2011

We thank you very much for this contract and remain at your disposal for further services and
new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .0150/rin will be paid by Petro-Diamond Incorporated to SCB & Associates
LLC prompt upon receipt of invoice due for work now completed.



# SCB & Associates LLC
# Broker Confirmation Note

To:    Petro-Diamond Incorporated
To:    Vinmar Overseas, LTD

Our ref.:         11029
Contract date:   20 DEC 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Brandon@starcb.com
Simon@starcb.com

Operations email:

operations@starcb.com

Seller of RINs:
———————————

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

Buyer of RINs:
———————————

Vinmar Overseas, LTD
16800 Imperial Valley Drive, Suite 499
Houston, Texas 77060
United States of America

Trader: Chris Lokey
Email: clokey@vinmar.com
EPA ID number: 5604

Terms/Conditions:
--------------------------

Type: Renewable Identification Number (RIN) - **Biodiesel RFS2 D4**

Year Generated: 2011

Quantity: 750,000

Unit Price: $0.5450

Total Price: $408,750.00

Payment Terms: Payment shall be made within net five (5) banking days after transfer and
verification.

Transfer of Credits: to be executed during the period 01 JAN 2011 - 31 MAR 2011

We thank you very much for this contract and remain at your disposal for further services and
new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .0225/rin will be paid by Petro-Diamond Incorporated to SCB & Associates
LLC prompt upon receipt of invoice due for work now completed.

EXHIBIT L



# SCB & Associates LLC
# Broker Confirmation Note

To:     Petro-Diamond Incorporated
To:     Chevron Products Company

Our ref.:        11076
Contract date:   29 DEC 2010

SCB & Associates LLC, as brokers only, herewith confirm following transaction concluded on the basic terms and conditions below to the best of our knowledge. Please reply immediately in the event you regard the details shown to be incorrect or incomplete.

We encourage Seller and Buyer to promptly exchange their own documentation.

Broker email:

Brandon@starcb.com
Simon@starcb.com

Operations email:

operations@starcb.com

Seller of RINs:
-------------------

Petro-Diamond Incorporated
1100 Main Street, Second Floor
Irvine, CA 92614-9617

Trader: Chelsea Pascu
Email: cpascu@mail.petrodiamond.com
CC: lwhitney@petrodiamond.com
EPA ID number: 4088

Buyer of RINs:
-------------------

Chevron Products Company
6000 Bollinger Canyon Rd
CA 94583 San Ramon
United States of America

Trader: Dennis Hallaron
Email: dhallaron@chevron.com
CC: gstlcon@chevron.com
EPA ID number: 5086

Terms/Conditions:
--------------------------

Type: Renewable Identification Number (RIN) - Biodiesel RFS2 D4

Year Generated: 2011

Quantity: 2,000,000

Unit Price: $0.7300

Total Price: $1,460,000.00

Payment Terms: Payment shall be made within net five (5) banking days after transfer and verification.

Transfer of Credits: to be executed during the period 01 JAN 2011 - 30 APR 2011

We thank you very much for this contract and remain at your disposal for further services and new market information.

Kind Regards,
SCB & Associates LLC

A commission of USD .015/rin will be paid by Petro-Diamond Incorporated to SCB & Associates LLC prompt upon receipt of invoice due for work now completed.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1893 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[X] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Robert R. Begland (SBN 21091)
Viral Mehta (SBN 261852)
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Phone: 310-312-4000
Facsimile: 310-312-4224

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRO-DIAMOND INCORPORATED, a Delaware corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>SCB & ASSOCIATES, LLC, a Delaware limited liability company, ABSOLUTE FUELS, LLC, a Texas limited liability company, and DOES 1 through 5,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV12 - 01893 CJC (ANx)**<br><br><br><br>**SUMMONS** |

TO:DEFENDANT(S):  __

_____

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Robert R. Begland and Viral Mehta</u>, whose address is <u>Manatt, Phelps & Phillips, 11355 W. Olympic Boulevard, Los Angeles, CA 90064</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____10-31-12_____

By: _Lori Wagers_____
Deputy Clerk
**LORI WAGERS**
*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PETRO-DIAMOND INCORPORATED, a Delaware corporation

**DEFENDANTS**
SCB & ASSOCIATES, LLC, a Delaware limited liability company, ABSOLUTE FUELS, LLC, a Texas limited liability company, and DOES 1 through 5

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert R. Begland (SBN 210930)
Viral Mehta (SBN 261852)
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd., Los Angeles, CA 90064
(310) 312-4000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity jd (28 U.S.C. § 1332). Breach of contract/fiduciary duty, prof. negligence, fraudulent concealment, constructive fraud, conspiracy.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV12 - 01893 CJC (ANx)

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  |  CIVIL COVER SHEET  |  Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): SACV12-890-CJC (MLGx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | Delaware |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas, Illinois and Switzerland |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 31, 2012
                                        Robert R. Belgand

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com